IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) Criminal No. 7:22cr21 |
| v. | ) |
| | ) |
| DEBORAH LYNN MYERS, | ) By: Hon. Robert S. Ballou |
| | ) United States Magistrate Judge |
| *Defendant*. | ) |

### REPORT AND RECOMMENDATION

In accordance with the provisions of Title 28 U.S.C. § 636(b)(3), and upon the Defendant's informed and written consent, this case was referred to me for the purpose of conducting a plea hearing.

The Government charged the Defendant in a one-count Information that beginning on or about January 1, 2015 and continuing to on or about March 31, 2020, in the Western District of Virginia, Deborah Lynn Myers, did willfully and knowingly steal and convert to her own use, money of the Social Security Administration, a department or agency of the United States, namely Title II Retirement benefit payments to which she knew she was not entitled, said benefits having a value in excess of $1,000, in violation of 18 U.S.C. § 641.

The Defendant was placed under oath and addressed personally in open court. She expressly acknowledged that she was obligated to testify truthfully in all respects under penalty of perjury and that she understood the Government's right, in a prosecution for perjury or false statement, to use any statement that she gives under oath against her. See Rule 11(b)(1)(A).

The plea hearing was conducted by video conference before me on May 27, 2022. The Defendant was at all times present by video conference with her counsel, Monica Cliatt. The United States was represented by Charlene Day, Assistant United States Attorney. The

Defendant, after consulting with counsel, consented to proceed with the hearing by video teleconference. A written document titled "Consent to Proceed by Video Conference" was signed by the Defendant and entered into the record of the court. The proceedings were recorded by ZoomGov. See Fed. R. Crim. P. 11(g). The Defendant was advised of her right to have the grand jury consider the charges against her and she waived that right allowing the government to initiate this action and proceed by Information. A signed waiver of indictment was filed into the record.

The Defendant confirmed that she fully recognized and understood her right to have the Rule 11 hearing conducted by a United States District Judge, and she gave her verbal and written consent to proceed with the hearing before me. The Defendant's written consent was filed and made a part of the record.

With the Defendant's informed and written consent, I made a Rule 11 inquiry; the Government presented an oral proffer of evidence for the purpose of establishing an independent basis for the Defendant's plea and filed a written Statement of Facts signed by the Defendant, her attorney and the attorney for the Government; and the Defendant entered a plea of guilty to the offense charged in Count One of the Information.

**DEFENDANT'S RESPONSES TO RULE 11 INQUIRIES**

The Defendant testified to the following personal facts: her name is Deborah Lynn Myers. She is 64 years of age and completed school through twelfth grade, plus some additional classes. She is a citizen of the United States, and is able to read, write, and understand English without difficulty. She testified that she was diagnosed with bipolar disorder as a teenager, and currently takes medication for that condition. She stated that she has no medical condition that would interfere with her ability to understand and to participate fully in the proceeding. She also

stated that, while she takes medications to treat her mental disorders, she was using no substance which might impair her ability to participate fully in the proceeding and that her mind was clear. She stated that she understood she was in court for the purpose of entering a plea of guilty to a felony offense, which she could not later withdraw. Upon inquiry, the Defendant's attorney represented that she had no reservations about the Defendant's competency to enter a plea of guilty to the felony offense charged in Count One of the Information.

The Defendant acknowledged that she had received a copy of the Information; it had been fully explained to her; she had discussed the charge with her attorney; and she had been given enough time to do so. She stated that she understood the nature of the charge against her in the Information and specifically understood that it charged a felony offense. See Rule 11(b)(1)(G). She stated that her decision to enter a plea of guilty to Count One had been made after consulting with her attorney. She stated she was fully satisfied with the services of her attorney, and it was her intention and desire to enter a guilty plea to the felony offense described in the Information.

Counsel for the parties previously informed the Court that the Defendant's proposed plea of guilty was to be made pursuant to a written plea agreement. See Rule 11(c)(2). Counsel for the Government set forth the Government's understanding of the plea agreement in some detail, including: the agreement for the Defendant to plead guilty to willfully and knowingly stealing and converting to her own use, money of the Social Security Administration, a department or agency of the United States, namely Title II Retirement benefit payments to which she knew she was not entitled, said benefits having a value in excess of $1,000, in violation of 18 U.S.C. § 641 (Count One) [¶ A.1]; the Defendant's express acknowledgment of the maximum sentence and restitution for the offense [¶ A.1]; the Defendant's admission of her factual guilt to Count One of

the Information and her stipulation that there is a sufficient factual basis to support each and every material allegation underlying the said charge to which she was proposing to plead guilty [¶¶ A.1, E.5]; the Defendant's express acknowledgment of the trial rights waived by entry of a voluntary plea of guilty [¶ A.2]; the agreement's provision outlining the fact that sentencing is within the sole discretion of the Court, "subject to its consideration of the United States Sentencing Guidelines" and the factors set forth in 18 U.S.C. § 3553(a) [¶ B.1]; the Defendant's express recognition that she would not be allowed to withdraw her guilty plea irrespective of the sentence imposed by the Court [¶ B.1]; the Defendant's stipulation that all matters pertaining to Count One of the Information are relevant sentencing conduct [¶ B.2]; the Defendant's stipulation to the 2B1.1(a)(2) and 2B1.1(b)(1)(D) guideline sections [¶ B.2]; the terms of the acceptance of the responsibility provision [¶ B.2]; the scope of the Defendant's express waiver of her right of direct appeal [¶ C.1]; the scope of the Defendant's express waiver of her right to make any collateral attack on any judgment or sentence imposed by the Court [¶ C.2]; the Defendant's acknowledgment that she had been effectively represented in this case [¶ E.3]; the parties' express acknowledgment that the written plea agreement constituted the entire understanding between the parties [¶ E.5]; and the substance of the agreement's other terms and provisions. See Rule 11(b)(1)(B)–(N) and 11(c)(1)–(3).

      The Defendant was asked what her understanding of the terms of the agreement was, and she testified that her understanding was precisely the same as that set forth by the Government's attorney. She further represented that she had reviewed and initialed every page with her lawyer. Counsel for the Defendant, likewise, represented that her understanding was the same and she stated that she was satisfied that the Defendant understood all of its terms. The Defendant was shown the plea agreement, and she affirmed it to be her signature on the document. She further

testified that no one had made any other, different, or additional promise or assurance of any kind in an effort to induce her to enter a plea of guilty and that no one had attempted in any way to force her to plead guilty in this case. See Rule 11(b)(2). The agreement was then received, filed, and made a part of the record. The Defendant acknowledged that she knew her plea, if accepted, would result in her being adjudged guilty of a felony offense.

After the range of punishments for the offenses charged in Count One of the Information had been outlined to the Defendant, she acknowledged that she understood the maximum penalty provided by law for conviction of Count One to be confinement in a federal penitentiary for 10 years, a $250,000.00 fine, and a term of supervised release. See Rule 11(b)(1)(H). In addition, the Defendant acknowledged that she understood that she would be required to pay a mandatory $100.00 special assessment as to Count One and that she may be required to pay restitution in the amount of $46,922.00 as imposed by the Court. See Rule 11(b)(1)(L).

The Defendant was informed, and she expressly acknowledged, that the Court's determination of her sentence would include consideration of multiple factors, including: the nature and circumstances of the offense; the Defendant's history and characteristics; the seriousness of the offense; the need to promote respect for the law; the need to provide for just punishment and afford adequate deterrence; the need to protect the public; any determined need to provide the Defendant with educational or vocational training, medical care, or other correctional treatment in the most efficient manner; the kinds of available sentences; the pertinent sentencing guidelines and policy statements; the need to avoid unwanted sentence disparities; any applicable forfeiture; and any need to provide for restitution. See Rule 11(b)(1)(J)–(K).

The Defendant testified that she and her attorney talked about how the Sentencing

Commission Guidelines might apply to her case and the Court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Guidelines, and other factors under 18 U.S.C. § 3553(a). See Rule 11(b)(1)(M). She stated that she understood that the Court will not be able to determine the recommended guideline sentence for her case until after the presentence report has been completed and she and the Government each had an opportunity to challenge the facts reported by the probation officer.

The Defendant acknowledged that she knew the entry of a guilty plea constituted an admission of all of the elements of a formal felony charge, and she knew that, irrespective of any sentence imposed by the Court, she would have no right to withdraw this guilty plea. She acknowledged that she knew parole had been abolished and that she would not be released on parole. She further acknowledged that she knew and understood any sentence of incarceration imposed by the Court would also include a period of supervised release, and she knew any violation of the terms or conditions of such supervised release could result in her being returned to prison for an additional period of time. See Rule 11(b)(1)(H).

Each of her procedural rights surrendered on a plea of guilty was also explained, including: her right to plead not guilty to any offense charged against her and her right to persist in any such not guilty plea; her attendant right to a trial by an impartial jury; her right to counsel to assist in her defense; her presumption of innocence; the obligation of the government to prove her guilt beyond a reasonable doubt; her right at trial to see, hear, confront, and cross-examine all witnesses presented against her; her right to decline to testify unless she voluntarily elected to do so in her own defense; her right to remain silent; her right to the issuance of subpoenas or compulsory process to compel the attendance of witnesses to testify in her defense; and her right to a unanimous guilty verdict. See Rule 11(b)(1)(B)–(E). The Defendant testified that she

understood her right to plead not guilty and the attendant trial rights that she would waive by pleading guilty. See Rule 11(b)(1)(F).

Pursuant to the terms of the plea agreement, the Defendant expressly acknowledged that she understood that she was giving-up all waivable rights to appeal [¶ C.1]. Likewise, pursuant to the terms of the plea agreement, she expressly acknowledged that she understood she was giving up all waivable rights to challenge her conviction or her sentence in any post-conviction proceeding [¶ C.2].

The Defendant acknowledged that in the event she received a more severe sentence than she expected, or the Court did not accept any sentencing recommendation by the government, she would still be bound by her guilty plea and would have no right to withdraw it. In addition, she expressly acknowledged that as part of any sentence, the Court may order her to serve a term of post-incarceration supervised release and that, if she violated the terms of her supervised release, she could be returned to prison for an additional period of time.

In direct response to further questioning, the Defendant also testified that she was pleading guilty to the offense charged in Count One because she had in fact willfully and knowingly stolen and converted to her own use, money of the Social Security Administration, a department or agency of the United States, namely Title II Retirement benefit payments to which she knew she was not entitled, said benefits having a value in excess of $1,000.

To permit the Court to determine whether an independent basis in fact existed for the Defendant's plea, counsel for the Government filed into the record a written statement of facts signed by the Defendant and all counsel, which summarized the facts that the Government was prepared to prove at trial to establish the offense charged against this Defendant in Count One of the Information. The Defendant and her counsel did not contest any of the facts set forth by the

Government. See Rule 11(b)(3).

After testifying that she had heard and understood all parts of the proceeding and after consulting further with her attorney, the Defendant stated that she remained ready to plead guilty pursuant to the terms of the plea agreement. Thereupon, Count One of the Information was read to the Defendant, she was called upon for her plea, and she entered a plea of GUILTY to the offense charged in Count One alleging her violation of 18 U.S.C. § 641. The clerk read the written guilty plea form to the Defendant; after acknowledging it to be correct, the Defendant executed it, and it was filed and made a part of the record.

The Defendant was then informed that her plea was accepted finding her guilty of Count I of the Information and that acceptance of the plea agreement and her guilty plea would be recommended to the presiding District Judge, that a presentence report would be prepared, that she would be asked to give information for that report, that her attorney may be present if she wished, and that she and her attorney would have the right to read the presentence report and to file objections to it.

## GOVERNMENT'S EVIDENCE

The Government proffered its evidence as follows:

Defendant Myers resides in Rocky Mount, Virginia, which is located in the Western District of Virginia. Supplemental Security Income (SSI) is a federal program that makes monthly payments to people who have limited income and resources if they are age 65 or older or if they are blind or have another disability. Since SSI is a needs-based program, an individual must have limited income and resources to qualify once they meet the disability requirements. All income and resources in the disabled individual's household, from all sources, is considered and may affect the amount of SSI benefits paid to an eligible person.

Myers began receiving SSI from the Social Security Administration ("SSA") based on a mental disability. She applied for the benefits in person in the Roanoke, Virginia office. At the time of the application, she was living on Heatherwood Drive. Myers applied for SSI from the SSA on the basis of this disability. Both the SSI Application Summary for Supplemental Security Income and SSI Notice of Award informed Myers of her reporting responsibilities to the SSA. Particularly, it informed her of her responsibility to notify the SSA of her monetary resources and assets and any change in living arrangements.

Myers concealed her living arrangement and monetary resources in an effort to remain eligible for SSA benefits. Myers and her husband separated, but in 2014 they returned to co-habitating. In addition, in 2016, Myer's sister died. Myers was the recipient of the entire estate, to include a home, insurance payout, and 401k. The insurance pay out totaled $160,000 and the 401k. was valued at $135,000. Myers received approximately $800 per month from the 401k. The home was sold in 2018 for $180,000. SSA determined Myers concealed her living arrangement and monetary resources from the SSA and continued to receive benefit payments to which she was not entitled. The SSA determined that Myers fraudulently received $46,922 from the SSA during the months of January 2015 to March 2020.

## FINDINGS OF FACT

Based on the evidence, representations of counsel, and the Defendant's sworn testimony presented as part of the hearing, I submit the following formal findings of fact, conclusions, and recommendations:

    1.    The Defendant is fully competent and capable of entering an informed plea to the charge set forth in Count One of the Information;

    2.    The Defendant is fully aware of both the nature of the charges set forth in

Count One and the consequences of her guilty plea;

3. The Defendant is fully informed, and she understands the applicable enumerated items set forth in Rule 11(b)(1)(A)–(N);

4. The Defendant's plea of guilty was made pursuant to a fully voluntary written plea agreement;

5. The Defendant's entry into the plea agreement and her tender of a plea of guilty pursuant to the terms of the plea agreement were both made with the advice and assistance of counsel;

6. The Defendant knowingly and voluntarily entered her said plea of guilty;

7. The Defendant's plea of guilty did not result from force, threats, inducements, or promises other than those promises contained in the written plea agreement;

8. The plea agreement complies with the requirements of Rule 11(c)(1); and

9. The evidence presents an independent basis in fact containing each essential element of the offense to which the Defendant has entered a plea of guilty.

## RECOMMENDED DISPOSITION

Based on the above findings of fact, I accept the defendant's plea of guilty and further **RECOMMEND** that the Court accept the written plea agreement, that the Court accept the Defendant's plea of guilty to the offense charged in Count One of the Information, that she be adjudged guilty of the said felony offense, and that a sentencing hearing be set before the presiding District Judge.

## NOTICE TO PARTIES

NOTICE is hereby given to the provisions of 28 U.S.C. § 636(b)(1)(c): Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by the rules of court. The presiding District Judge shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which an objection is made. The presiding District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by me. The presiding District Judge may also receive further evidence or recommit the matter to me with instructions. A failure to file timely written objections to these proposed findings and recommendations within fourteen (14) days could waive appellate review.

The Clerk is further directed to transmit a copy of this Report and Recommendation to all counsel of record, and at the conclusion of the fourteen-day period, the Clerk is directed to transmit the record in this matter to Michael F. Urbanski, Chief United States District Judge.

Enter: June 1, 2022

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge